IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SODEXO AMERICA, LLC,<br><br>                Plaintiff,<br><br>     vs.<br><br>REGIONAL WEST HEALTH SERVICES,<br><br>                Defendant. | 8:17CV489<br><br>**ORDER** |

      Plaintiff's complaint requests trial in Omaha. (Filing No. 1, at CM/ECF p. 11). Defendant's answer requests trial in North Platte. (Filing No. 12, at CM/ECF p. 6). The court requested evidence and briefing to determine the appropriate trial location. (Filing No. 13). For the reasons discussed below, this case will be tried in North Platte, Nebraska.

      Under the court's local rules, when deciding the place of trial the judge shall consider "the convenience of litigants, witnesses, and attorneys," NECivR. 40.1(b)(1), with the convenience of the litigants and witnesses generally afforded greater weight than the convenience of counsel. Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 116863, at *1 (D. Neb. Jan. 13, 2011).

      The claims alleged in Plaintiff's complaint and Defendant's counterclaim arise from a Management Agreement between Sodexo, a New York Corporation headquartered in Maryland which performs services throughout Nebraska, and Regional West Medical Center, which is located in Scottsbluff, Nebraska. Under the Agreement, Sodexo was obligated to perform housekeeping and facilities services at Regional West. Sodexo alleges Regional West failed to pay for

services rendered under the contract; Regional West alleges Sodexo failed to adequately perform those services. As such, both parties will need to call witnesses who can explain whether Sodexo performed the contract, the quality of the services rendered, the payments made, and if any payments were withheld, why and in what amount.

Regional West has identified 21 trial witnesses living in Scottsbluff, Nebraska, noting that additional witnesses from the Scottsbluff area may be needed. ([Filing No. 19-1](Filing No. 19-1)). Sodexo's key witnesses reside in locations across the United States, with two witnesses from Omaha, Nebraska. The court questions whether Sodexo's listing is complete: Sodexo must prove it fully performed services at the Regional West facility, yet Sodexo lists no witnesses living in or near Scottsbluff, Nebraska. The parties' Nebraska counsel are from Omaha, Nebraska, and Sodexo has additional counsel from Boston, Massachusetts who appears pro hac vice.

Having considered the factors outlined in NECivR. 40.1(b)(1), the court finds that aside from the parties' counsel, this case has very little connection with Omaha. Sodexo argues Omaha is nonetheless the appropriate trial location under this court's local rules. In support of that argument, it advocates that Omaha is Plaintiff's choice of forum and with Sodexo's witnesses traveling to this district from around the country, access to Omaha by air is greater and thus more convenient for Sodexo's witnesses. I reject these arguments.

As to Plaintiff's choice of forum, the court notes that both parties are plaintiffs as to some of the claims at issue; Sodexo is the plaintiff as to claims alleged in its complaint and Regional West is the plaintiff as to claims alleged in its counterclaim. Moreover, as Regional West correctly notes, the undersigned

magistrate judge has never afforded deference to Plaintiff's choice of forum is when applying NECivR. 40.1(b)(1). Plaintiff's choice of forum is a factor considered when deciding the proper <u>venue</u> for the lawsuit. Sodexo and Regional West agree that District of Nebraska is the proper venue. See [28 U.S.C.A. § 107](#) ("Nebraska constitutes one judicial district."). NECivR. 40.1(b)(1) is not a venue rule. Rather, it governs this court's review of conflicting trial location requests within the Nebraska venue. Rule 40.1(b) does not mention Plaintiff's choice of forum as factor the court considers when making that decision. The trial location for litigation in the District of Nebraska does not and should not rest on who filed the lawsuit first. Rather, this court applies the factors outlined in NECivR. 40.1(b)(1).

Arguing those factors, Sodexo claims Omaha has more commercial airline flights and is therefore a more convenient forum for its nationwide witnesses. It further argues the Regional West witnesses will have to drive 175 miles to reach North Platte, and therefore will incur an overnight stay irrespective of where this case is tried.

I am not convinced Scottsbluff witnesses will not drive 350 miles round trip in one day to appear at trial. The magistrate judges and bankruptcy judge for the District of Nebraska will drive 450 (from Lincoln) or 560 (from Omaha) miles round trip in one day for hearings and settlement conferences in North Platte. Moreover, driving from Scottsbluff to Omaha is 900 miles round trip, the alternative being to fly to Omaha on a United Airlines flight connecting through Denver.

Connecting through Denver, Sodexo's witnesses can reach both North Platte and Scottsbluff by air. Undoubtedly, Omaha has more available flights and

more airline choices, but North Platte is accessible by air. Access to more flight options is not synonymous with "more convenient." If it were, Omaha would be deemed the most convenient forum in nearly all cases between a Nebraska citizen and a non-Nebraska citizen whose witnesses reside outside of Nebraska. Such an interpretation of NECivR. 40.1(b)(1) is inconsistent with affording reasonable access to the courts for all parties litigating in the District of Nebraska.

Sodexo's witnesses may choose to fly into North Platte. However, they may also choose to: (a) fly into Omaha, and then rent a car and drive the 280 miles of interstate to North Platte; (b) fly into Denver (which has far more flight options than Omaha), and then rent a car and drive 260 miles to North Platte; or, (c) fly into Lincoln, and then rent a car and drive 225 miles to North Platte.

Having considered the convenience of litigants, witnesses, and counsel as supported by the evidence of record, the court finds that, on balance, North Platte is the proper location for the trial of this case.

Accordingly,

IT IS ORDERED that the trial of this case will be held in North Platte, Nebraska.

January 28, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge